**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

```
LAURA WILLIAMS, Individually      )
and as Mother and Next Friend     )
of SAMUEL SIMONS, a Minor,        )
                                  )
        Plaintiff,                )
                                  )
    v.                            )      No. 03-4074
                                  )
SCOTT STAHL, DOUG DORLEY,         )
JASON FRANCQUE, JOHN SAWYER,      )
and CITY OF MOLINE, ILLINOIS,     )
a Municipal Corporation,          )
                                  )
        Defendants.               )
```

**O R D E R**

Before the Court is Plaintiff's Complaint [Doc. #1], Defendants' Motion for Summary Judgment [Doc. #25], Plaintiffs' Response to Defendants' Motion for Summary Judgment [Doc. #27], Plaintiffs' Response to Defendants' Statement of Material Facts [Doc. #28], Plaintiffs' Additional Material Facts {Doc. #26], Plaintiffs' Motion to Voluntarily Dismiss Officers Francque and Sawyer from Plaintiffs' Complaint [Doc. #29], Plaintiffs' Motion to Voluntarily Dismiss Officers Stahl and Dorley from Plaintiffs' Complaint [Doc. #31], and Defendants' Reply to Plaintiffs' Response [Doc. #30].  For the reasons that follow, Plaintiffs' Motions to Voluntarily Dismiss Officers Francque, Sawyer, Stahl and Dorley will be granted.  As a result,

Defendants' Motion for Summary Judgment is moot and, therefore, will be denied.

# I.
# BACKGROUND

On March 23, 2003, Plaintiff Samuel Simons ("Simons") was present outside the Wells Fargo bar in Moline, Illinois, when a fight broke out. Officers Francque, Sawyer, Stahl and Dorley all responded to the dispatch regarding the altercation. When the officers arrived, there were a group of people in front of the Hy-Vee and approximately 50 to 70 people in front of the Wells Fargo bar next door. The bouncer from the Wells Fargo bar identified Simons as the guy who started the fight. As a result, Officers Stahl and Dorley stopped Simons while he was sitting in his vehicle. Officer Stahl approached the driver's side of the vehicle while Dorley went to the passenger side. Stahl told Simons to stop and get out of the vehicle. Simons proceeded to ask Officer Stahl for what reason and responded that he had already stopped the vehicle.

It is at this point that the parties disagree as to what happened next. This Court, however, must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Nevertheless, the Court is not "required to draw every conceivable inference from the

record - only those inferences that are reasonable." <u>Bank Leumi Le-Isreal, B.M. v. Lee</u>, 928 F.2nd 232, 236 (7th Cir. 1991). With this in mind, the Court will describe the facts as reasonably alleged by Plaintiffs.

Simons testified that after he asked Officer Stahl why he was being stopped, Stahl began to pull him out of the vehicle by his shirt. At this time, the vehicle was still in drive; therefore, Simons reached back to put the vehicle in park before Officer Stahl was able to completely pull him out. Simons admits that he was yelling at Officer Stahl, saying "Don't fucking touch me" and "Get the fuck off me." [Simons Deposition at 38]. However, it does not appear from the record that Officer Stahl ever told Simons that he was under arrest.

Simons testified that once he was removed from his vehicle, he was standing facing Officer Stahl with his hands in the air in a surrender position. Simons claims that Officer Stahl then reached for his Asp baton (or night stick) and struck him four to five times on the legs before giving him any further instructions. [Simons Deposition at 20]. Officer Dorley then came around the vehicle and tackled Simons around his midsection. As Simons hit the ground face down, both Officer Stahl and Officer Dorley landed on top of his back. Simons testified that while he was lying there on the ground, one of the officers then struck him in the back of his head at least

three times, forcing his head down to the pavement and holding it there. [Simons Deposition at 22-23]. Afterwards, he was handcuffed and placed in the back of a police car.

Simons further testified that all of the kids in front of the Wells Fargo bar began to get riled up because of how Officers Stahl and Dorley were treating him. [Simons Deposition at 24-25]. He stated that the other officers were not involved in the altercation because they were trying to keep the rowdy crowd under control. [Simons Deposition at 24-25].

As a result of the altercation, Simons suffered a cut on his right elbow, as well as a cut on his face. He had gravel in his mouth and a bruise on his left thigh. Simons also testified that the altercation resulted in him having to get his nose cauterized a couple days later. [Simons Deposition at 30]. In addition, Simons testified that he had to see a chiropractor about his back and a psychologist about his reoccurring nightmares. [Simons Deposition at 30-37].

On September 18, 2003, Simons' mother, Laura Williams ("Williams"), filed the instant § 1983 Complaint, alleging constitutional violations against Officers Francque, Sawyer, Stahl and Dorley for false arrest and excessive force, as well as related state law claims.[1] Williams also alleged that

---

[1] Simons' birthday is September 15, 1986, making him a minor when his mother filed the instant Complaint on his behalf.

4

Defendant City of Moline, Illinois was vicariously liable on the state law claims. After nearly a year of discovery, Defendants filed the instant Motion for Summary Judgment on August 9, 2005.

## II.
## ANALYSIS

Before determining whether summary judgment should be granted in favor of Defendants, the Court will first address Plaintiffs' Motions for Voluntary Dismissal. Plaintiffs filed two separate motions to voluntarily dismiss the instant action, one to dismiss Officers Francque and Sawyer, and, another to dismiss Officers Stahl and Dorley from the Complaint. Because both motions were filed after Defendants served Plaintiffs with an answer to the complaint, as well a motion for summary judgment, Plaintiff may not dismiss the instant action without order of the Court. See Fed. R. Civ. Pro. 41(a)(2) ("an action shall not be dismissed [under this subdivision] at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.").

The Court can find no reason for denying Plaintiffs' Motions for Voluntary Dismissal. However, in their Motion to Voluntarily Dismiss Officers Francque and Sawyer from the Complaint, Plaintiffs' make the following admission: "During the discovery process Plaintiffs['] Counsel became aware of the fact that Officers Francque and Sawyer were not guilty of any

misconduct which is the subject matter of this lawsuit." As a result of this admission, the Court grants Plaintiff's Motion to Voluntarily Dismiss Officers Francque and Sawyer from Plaintiffs' Complaint, but this dismissal ***shall be with prejudice.*** On the other hand, Plaintiffs' Motion to Voluntarily Dismiss Officers Stahl and Dorley from Plaintiffs' Complaint [Doc. #31] is granted and this dismissal is without prejudice.

Because the Court has dismissed the instant claims against Officers Francque, Sawyer, Stahl and Dorley, the only remaining claims are state law claims against Defendant City of Moline, Illinois. Obviously, these claims come within the supplemental jurisdiction of the Court. See 28 U.S.C. § 1367. Under § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over state law claims if the "district court has dismissed all claims over which it has original jurisdiction." Having dismissed all of Plaintiff's § 1983 claims, the Court now declines to exercise supplemental jurisdiction over the state law claims. Accordingly, the state law claims against Defendant City of Moline, Illinois are dismissed. As a result of the dismissal of all of Plaintiffs' claims, Defendants' Motion for Summary Judgment is hereby moot, and, is therefore denied.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment [Doc. #25] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Voluntarily Dismiss Officers Stahl and Dorley from Plaintiffs' Complaint [Doc. #31] is GRANTED.

IT IS ALSO ORDERED that Plaintiffs' Motion to Voluntarily Dismiss Officers Francque and Sawyer from Plaintiffs' Complaint [Doc. #29] is GRANTED.  However, all claims against Officers Francque and Sawyer contained in the Complaint are dismissed with prejudice.

ENTERED this _16th_ day of November, 2005.


                                    __/s/  Joe B. McDade_____
                                       JOE BILLY McDADE
                                    United States District Judge